IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABIRA MEDICAL LABORATORIES LLC d/b/a GENESIS DIAGNOSTICS, | : : : | |
| Plaintiff, | : : | Civil Action |
| v. | : : | No. 24-441 |
| TRANSPORTATION INSURANCE COMPANY, INC. | : : : | |
| Defendant. | : : | |

## MEMORANDUM

**J. Younge**                                                                                             **August 6, 2024**

### I. INTRODUCTION

Currently before this Court is Defendant's Motion to Strike Amended Complaint (*Second*). (ECF No. 18.)[1] The Court finds this Motion appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7.1(f). For the reasons set forth in this Memorandum, said Motion is Granted.

### II. FACTUAL BACKGROUND

Plaintiff Abira Medical Laboratories LLC d/b/a Genesis Diagnostics (hereinafter "Genesis") filed suit against Defendant Transportation Insurance Company, Inc. on January 30, 2024 (ECF No. 1), filed its First Amended Complaint on April 11, 2024 (ECF No. 9), and filed its Second Amended Complaint, without consent of Defendant or of the Court, on May 14, 2024 (ECF No. 15). This case concerns Plaintiff's contention that Defendant, an insurer that issued Genesis a Business Loss insurance policy on May 21, 2018, wrongfully denied coverage for

---

[1] When applicable, the Court adopts the pagination supplied by the CM/ECF docketing system, which does not always match the document's internal pagination.

personal property and business income losses sustained because of a third party, Comtron, Inc., a healthcare-technology company that also provided billing and collection services for Plaintiff. (Am. Compl., ECF No. 9.)

In a prior action, on November 23, 2020, Plaintiff had filed suit in state court against the Defendant pursuant to the same underlying facts, and the matter was removed to federal court on December 22, 2020. *See* Prior Complaint and Notice of Removal, ECF No. 1, docketed at: 20-cv-6412-TJS. On July 30, 2021, as attached to the Parties' Joint Stipulation and Consent Motion to Dismiss Without Prejudice in that action, the Parties reached an agreement regarding the refiling of the complaint which provided that: "Plaintiff further agrees that Plaintiff may only refile its complaint under the following conditions: . . . (2) Plaintiff agrees that any future lawsuit filed in this Court will not include claims for bad faith arising prior to the execution of this Letter Agreement." (Joint Stipulation and Consent Motion to Dismiss Without Prejudice, ECF No. 18-4, pp. 8-9.) The Parties moved the Court to dismiss that lawsuit "[i]n consideration of, and consistent with[,] the terms" of that agreement, and the lawsuit was dismissed accordingly. (Joint Stipulation, ECF No. 18-4, p. 3.)

While Plaintiff brought a breach of contract claim in both its original and First Amended Complaint, Plaintiff's Second Amended Complaint brought claims for (1) common law breach of contract and/or bad faith and (2) statutory bad faith pursuant to 42 Pa. C.S. § 8371. *See* ECF Nos. 1, 9 & 15. The entirety of the section detailing Plaintiff's first cause of action (Paragraphs 33-48) described alleged bad faith actions and/or contractual breaches made prior to July 30, 2021, when the initial denial of coverage occurred. (Second Am. Compl., ECF No. 15.) The entirety of the section detailing Plaintiff's second cause of action (Paragraphs 49-55) similarly described actions taken prior to July 30, 2021 and stemming from that initial denial of coverage.

(Second Am. Compl.)  The only factual allegation made throughout the entirety of the Second Amended Complaint regarding Defendant's post-July 30, 2021 actions, beyond the fact that coverage remains denied, is contained in a single paragraph where Plaintiff alleges that Defendant has "engaged in a pattern of stalling and dilatory behavior . . . [including,] more recently, engaging in bad faith in a mediation process during which the Defendant never offered more than a tiny fraction of the amount claimed for loss of business income and damage to business property."  (Second Am. Compl. ¶ 31.)

On May 28, 2024, Defendant filed its Motion to Strike Amended Complaint (*Second*), arguing that Defendant should not be permitted to file a Second Amended Complaint without consent of the Defendant or of the Court, pursuant to Federal Rule of Civil Procedure 15, and that such amendment runs directly contrary to the Parties' Joint Stipulation and Consent Motion to Dismiss in the previous action.  (ECF No. 18.)  Plaintiff filed its Response in Opposition on June 24, 2024, arguing that its amendment was permitted by the Federal Rules of Civil Procedure and that its bad faith claims relate to continuing bad faith behavior after July 30, 2021.  (ECF No. 22.)

**III.   DISCUSSION**

Parties are permitted to amend their pleadings "once as a matter of course" either twenty-one days after service or, should it require a responsive pleading, twenty-one days after service of a responsive pleading or a Rule 12 motion, whichever is earlier.  Fed. R. Civ. P. 15(a)(1).  In all other cases, a party may only amend its pleadings with permission of the Court or of the opposing party, and the Third Circuit construes this provision liberally.  Fed R. Civ. P. 15(a)(2); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).  However, the district court has discretion to deny a motion to amend if the amendment would be futile, which

is analyzed in the same manner as a Rule 12(b)(6) motion and based on whether the amended complaint would fail to state a claim upon which relief could be granted. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000); *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 879 (3d Cir. 2018). The court may, on its own or by motion of a party, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

Here, the agreement between the Parties, which formed the basis of the prior voluntary dismissal, specifically precluded Plaintiff from bringing bad faith claims that arose prior to the execution of that agreement. The court will generally hold parties to their prior agreements. *See Kohn v. American Metal Climax, Inc.*, 458 F.2d 255, 307 (3d Cir. 1972), *partially overruled on other grounds en banc by Kershner v. Mazurkiewicz*, 670 F.2d 440, 448 (3d Cir. 1982) ("It is a well-recognized rule of law that valid stipulations entered into freely and fairly, and approved by the court, should not be lightly set aside".) In Plaintiff's Second Amended Complaint, the vast majority of the factual allegations contained in the causes of action detailing Plaintiff's bad faith claims occurred prior to July 30, 2021, which appears to directly breach the Parties' agreement. *See* Second Am. Compl., ECF No. 15. In fact, all dates listed in this document are prior to July 30, 2021. *Id.*

Plaintiff argues, and the Court agrees, that the Parties' agreement would not preclude claims based on "unfair claims settlement practices that arose and/or continued after the 30th of July, 2021." *See* Response in Opposition ¶ 31, ECF No. 22. However, there is only a single reference to such recent bad faith settlement practices within the Second Amended Complaint. Plaintiff contends that it would be an incorrect "assumption" that its claims are based upon bad faith claims-resolution behavior prior to the first lawsuit (Response in Opposition ¶ 30), but this

is belied by the text of the Second Amended Complaint which focuses almost entirely on pre-July 30, 2021 factual allegations.  Should Plaintiff not intend for these pre-July 30, 2021 allegations to serve as the basis for its bad faith claims, this must be made clear in a further amendment as, in its present form, Plaintiff's Second Amended Complaint violates the Parties' prior agreement.  Had Plaintiff sought leave to file this Second Amended Complaint in its present form, as required under Rule 15, such leave would have been denied as futile.  Given the explicit terms of the Parties' prior agreement, allowing this Second Amended Complaint to stand as is would constitute a waste of judicial resources.

## IV.   CONCLUSION

For the foregoing reasons, Defendant's Motion to Strike is Granted.

An appropriate Order follows.

**IT IS SO ORDERED.**

BY THE COURT:

/s/ John Milton Younge
**Judge John Milton Younge**